# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

MARKIYONO WINSTON,

    Plaintiff,

vs.

MNI, INC., et al.,

    Defendants.

No. 06-CV-2020-LRR

**ORDER**

## I.  INTRODUCTION

Before the court is the Order to Show Cause ("Order") (docket no. 8). On May 11, 2006, the court held a hearing on the Order ("Hearing"). Attorney James F. Hall, Jr. personally appeared at the Hearing.

## II.  PRIOR PROCEEDINGS

On March 13, 2006, the Clerk of Court sanctioned Attorney Hall $25.00 for failing to electronically file the complaint in this matter.[1] The Clerk of Court gave Attorney Hall ten days to pay the sanction, but Attorney Hall ignored the Clerk of Court's bill.

On April 19, 2006, Chief Magistrate Judge John A. Jarvey reminded Attorney Hall about the outstanding bill. Judge Jarvey ordered Attorney Hall to pay the bill "immediately." Attorney Hall did not pay the bill immediately.

On April 21, 2006, a docket clerk spoke with Attorney Hall on the telephone and

---

[1] The court notes that Attorney Hall filed the complaint even though he was not licensed to practice in the Northern District of Iowa. *See* Local Rule 83.2(d)(1) (providing that an attorney must be a member of the "bar of the district" or otherwise admitted to appear in the district before filing a complaint).

told him to pay the sanction fee immediately. Attorney Hall ignored the docket clerk.

On May 2, 2006, the court ordered Attorney Hall to show cause (1) why he repeatedly disregarded the orders of this court and (2) why he had not paid the bill. The court ordered Attorney Hall to personally appear before the court on Thursday, May 11, 2006, at 3:15 p.m. to show cause.

On May 8, 2006, the Clerk of Court received payment of $25.00 for the sanction fee.

On May 11, 2006, the court held the Hearing.

### III. APPLICABLE LAW

It is "firmly established" that federal courts have "an inherent power 'necessary to the exercise of all others.'" *Harlan v. Lewis,* 982 F.2d 1255, 1259 (8th Cir. 1995) (quoting *United States v. Hudson,* 11 U.S. (7 Cranch) 32, 34 (1812)).

> While this inherent power "ought to be exercised with great caution," it includes the power to discipline attorneys appearing before the court. Over the years, the Supreme Court has found inherent power to include the ability to dismiss actions, assess attorneys' fees, and to impose monetary or other sanctions appropriate "for conduct which abuses the judicial process."

*Id.* (citations omitted).

A lawyer may not be held in contempt for violating a court order unless the order was "'sufficiently specific to be enforceable.'" *In re Medlock*, 406 F.3d 1066, 1068 (8th Cir. 2005) (quoting *Finney v. Ark. Bd. of Corr.*, 505 F.2d 194, 213 (8th Cir. 1974)). The amount of the sanction, if any, rests within the sound discretion of the district court. *See Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 807-08 (8th Cir. 2005) (reviewing imposition of fine for abuse of discretion). If a monetary sanction is imposed, it should be related concretely to redressing the harm of the attorney's misconduct. *Id.* It should

also be "no greater than sufficient to deter future misconduct . . . . " *Id.* (citations and internal quotation marks omitted). A sanction that is "not concretely tailored to compensate the court for actual costs resulting from the misconduct has characteristics of a criminal penalty which other courts have held to require the procedural protections of a criminal trial." *Id.* (citing, in part, *F.J. Hanshaw Enters. v. Emerals River Dev., Inc.*, 244 F.3d 1128, 1137-39 (9th Cir. 2001)).

## IV. FINDINGS

The court finds Attorney James F. Hall, Jr., in contempt of court for repeatedly disregarding the orders of the court. At the Hearing, Attorney Hall did not present an adequate justification for not paying his $25.00 sanction fee after both the Clerk of Court and Judge Jarvey ordered him to do so. Although Attorney Hall ultimately paid the $25.00, belated payment of this sanction fee does not retroactively justify his failure to abide by the court's prior orders. Those orders were specific and unequivocal. *See Medlock*, 406 F.3d at 1068.

## V. SANCTION

The court finds that the appropriate sanction is not a further monetary sanction against Attorney Hall, but rather a warning. Although Judge Jarvey's order was clearly "sufficiently specific" to warrant the imposition of further monetary sanctions for Attorney Hall's subsequent failure to pay the fine immediately, *see id.*, the court finds that a monetary sanction beyond the $25.00 already paid would not be necessary to deter Attorney Hall from future misconduct, *see Baycol Steering,* 419 F.3d at 807-08 (cautioning that sanction should be "no greater than sufficient to deter future misconduct"). Attorney Hall assures the court that this will not happen again, and the court takes him at his word.

Attorney Hall is put on notice that the next time he disobeys an order of this court, the court will impose a substantial monetary penalty against him. Under such

circumstances, a greater sanction would clearly be necessary to deter future misconduct. *See id*.

**IT IS SO ORDERED.**

**DATED** this 15th day of May, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA